UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD W. MIZELL                              CIVIL ACTION

VERSUS                                         NO: 07-648

UNITED STATES OF AMERICA,                      SECTION: "A" (1)
THROUGH THE DEPARTMENT OF
VETERANS AFFAIRS AND
VETERANS ADMINISTRATION
MEDICAL CENTER NEW ORLEANS,
LOUISIANA

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 15)** filed by the United States of America.  Plaintiff, Richard W. Mizell, opposes the motion.  The motion, set for hearing on March 19, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

## I. BACKGROUND

Richard W. Mizell ("Plaintiff") filed this complaint alleging medical malpractice by the Veterans Administration Medical Center ("VAMC") in New Orleans, Louisiana.  Plaintiff contends that the VAMC physicians told him that he had lung cancer.  Plaintiff underwent surgery and a lower right lobectomy was performed.  The lung tissue, nodes, etc. that were removed were sent to surgical pathology and the tissue was diagnosed as being non-cancerous.  Plaintiff was then diagnosed as having tuberculosis instead of cancer.  Further testing later revealed

that Plaintiff did not have tuberculosis but rather a bacterial infection in his lungs.  Prior to the lobectomy Plaintiff had undergone numerous tests none of which were conclusive for cancer.

Plaintiff contends that he was never told that his test results were inconclusive but rather he was told that he had cancer.  Plaintiff claims that if he had been properly advised regarding his test results then he would not have consented to the lobectomy.  Plaintiff claims that Defendant's failure to properly advise him of the status of his medical condition forced him to needlessly undergo a drastically invasive and unnecessary procedure.

Defendant now moves for summary judgment contending that Plaintiff cannot prove medical malpractice because he has failed to retain a medical expert.

**II.  DISCUSSION**

Defendant argues that without expert medical testimony Plaintiff cannot establish the applicable standard of care, a breach of the standard of care, and causation as required by Louisiana law in a medical malpractice case.  Defendant contends that the facts of this case do not meet the self-evident negligence exception which has an extremely narrow application.

In opposition, Plaintiff points out that he was never told

2

that he might not have cancer so he believed that only one course of treatment was possible.  Plaintiff contends that he might have declined surgery or sought a second opinion regarding the diagnosis if he had known the truth.  Alternatively, Plaintiff argues that he does not need expert testimony to meet his burden of proof because the physicians involved were so careless that a lay person would have no difficulty inferring negligence. Plaintiff contends that even though his symptoms were consistent with ailments other than cancer the VAMC physicians subjected him to an invasive and dangerous surgery which could have been avoided had they performed a few simple screening tests.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has

3

initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

La. R.S. § 9:2794 sets forth the burden of proof imposed upon the plaintiff in a medical malpractice claim. Pfiffner v. Correa, 643 So. 2d 1228, 1233 (La. 1994). The plaintiff must prove by a preponderance of the evidence:

> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.

> (2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the

4

application of that skill.

(3) That as a proximate result of this lack of knowledge
or skill or the failure to exercise this degree of care
the plaintiff suffered injuries that would not otherwise
have been incurred.

La. Rev. Stat. Ann. § 9:2794 (Supp. 2008); Pfiffner, 643 So. 2d
at 133.  In Pfiffner, the Louisiana Supreme Court recognized that
the statute is silent as to whether an expert is necessary for a
plaintiff to meet his burden of proof.  643 So. 2d at 1233.  The
court then went on to hold that expert testimony is not *always*
necessary for a medical malpractice plaintiff to meet his burden.
Id. at 1234.  In most cases, because of the complex medical and
factual issues involved, a plaintiff will likely fail to sustain
his burden of proving his claim under Section 9:2794's without
medical experts.  Id.  However, there are instances in which the
medical and factual issues are such that a lay jury can perceive
negligence in the charged physician's conduct as well as any
expert can, or in which the defendant/physician testifies as to
the standard of care and there is objective evidence which
demonstrates a breach thereof.  Pfiffner, 643 So. 2d at 1234.

This Court has reviewed all of the cases cited by the
parties and the Court is not convinced that Defendant is entitled
to judgment as a matter of law.  Under Louisiana law Plaintiff
can rely on the testimony of the defendant/physicians to meet his

5

burden and until the Court hears all of the evidence the Court cannot conclude with certainty that Plaintiff cannot meet his evidentiary burden without an expert under these facts.

Although the Court denies the motion for summary judgment the Court is not concluding that an expert is unnecessary under these facts and Plaintiff should not interpret the Court's ruling as so holding.  Plaintiff is bearing an enormous risk in taking this case to trial without the benefit of an expert. Nevertheless, his decision to do so does not entitle Defendant to judgment as a matter of law at this juncture.

The motion for summary judgment is DENIED.  The case will proceed to trial before the Court sitting without a jury on May 12, 2008.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 15)** filed by the United States of America is **DENIED.**

April 2, 2008

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

6